UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>-vs-<br><br>CHRISTIAN ALFONSO,<br><br>Defendant(s), | Case No.: 1:24-cr-159<br><br><br><br>CIVIL ACTION |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Christian Alfonso by and through undersigned counsel respectfully submits this Memorandum in aid of sentencing. For the reasons stated below, Mr. Alfonso respectfully requests that the Court sentence him to a term of concurrent probation and $500 in restitution.

### FACTS

On January 6, 2021, Christian Alfonso attended the "Stop the Steal" rally in the District of Columbia. At the rally he made his way to the U.S. Capitol Building to participate in an extension of the rally and march towards the Capitol. At approximately 2:23 PM Christian Alfonso entered the U.S. Capitol Building along with over 1600 other people at the rally. It should be noted that Mr. Alfonso in the photographs submitted by the prosecution made no attempt to hide and/or conceal his face. After entering the U.S. Capitol Building Christian traveled to the Crypt and also entered the office of the Speaker of the House who was not present at the time and took a number of pictures and video

1

that were posted on his Instagram site which were contained in the Statement of Offenses submitted by the U.S. Attorney's Office. At approximately 2:36 PM Christian Alfonso left the US Capitol Building through the memorial doors and took an Uber back to his hotel room where he remained.

Christian Alfonso was inside the Capitol Building for a total of 13 minutes. At the time Christian Alfonso entered the Capitol Building according to the Statement of Offenses submitted by the United States Attorney's Office in this case members of the House of Representatives and the Senate including the Vice President had already evacuated the chambers at 2:20 PM.

At no time while Christian Alfonso was in the Capitol Building for a total of 13 minutes did he hide his face or carry any weapons, poles or flags. He did not break anything nor destroy or damage any property within the Capitol Building nor did he engage in any violent behavior, nor did he confront anyone or have any physical confrontation with anybody in or around the Capitol Building including the Capitol Police. All Christian Alfonso did was walk around the interior of the Capitol Building and occasionally take pictures which were provided and attached by the United States Attorney's Office within their Statement of Offenses in this case.

## STATUTORY GUIDELINES ANALYSIS

## STATUTORY PENALTIES

Mr. Alfonso entered a plea of guilty to charges 3 and 4 of the information charging him with disorderly and disruptive conduct in the Capitol Building or grounds, in violation of 40 U. S. C. §5104(e)(2)(D) and parading, demonstrating her picketing in a Capitol Building in violation of 40 U. S. C. §5104(e)(2)(G). Which offenses are classified

as a class B or C misdemeanors or infractions and carries a maximum sentence of 6 months of imprisonment pursuant to 40 U.S.C. §5109(b); a fine of not more than $5000, pursuant to 18 U.S.C. §3571(b)(6). As part of the plea agreement, he agreed to pay restitution of $500. Further supervised release does not apply to these misdemeanor offenses as class B misdemeanors however, the probation of up to 5 years applies.

## SENTENCING GUIDELINE CALCULATIONS

Pursuant to U.S.S.G. §1B 1.9, the U. S. Sentencing Guidelines do not apply to any count of conviction that is a class B or C misdemeanor or an infraction. Accordingly, the U.S. Sentencing Guidelines do not apply to either count for which Mr. Alfonso pled guilty as to both or class B misdemeanors.

## SECTION 3553 (A) FACTORS

18 U.S.C. 3553(a) mandates that a Court "impose a sentence sufficient, but not greater than necessary, to comply with" Federal sentencing goals. In imposing a sentence that is "sufficient, but not greater than necessary," the Court should look to the statutory factors listed under §3553. These factors include:

**1. Nature and circumstances of the offense and the history and characteristics of the Defendant**

While the events of January 6, 2021, at the Capitol were unprecedented, violent and shocking, Mr. Alfonso's own conduct that day certainly was not. In this respect the Court should focus on Christian Alfonso's conduct on the day rather than the conduct of many other individuals he did not know or had never even met and in whose conduct he did not participate in nor did he agree to participate in or condone in any fashion.

3

Christian Alfonso's conduct as stipulated by the parties in the plea agreement and the Government's Statement of Offenses involved entering and walking through the Capitol Building into former Speaker Pelosi's chambers for a number of seconds and then out and around into the Crypt and then out of the Capitol Building for a total of 13 minutes. He did not engage in any violence; he did not break anything; he did not steal anything; he did not confront or fight with the police nor any other persons or parties within or around the Capitol Building on that day. While he did enter Senator Pelosi's office for a number of seconds, he did not take any property, he did not damage any property. He did not threaten or attempt to threaten any person in or around the Capitol Building, he did not openly or actively incite any violence of any other persons in or around the Capitol Building he did not have any type of weapon with him nor was he affiliated with any organization or extremist group. He merely walked within the Capitol Building for a total period of less than 13 minutes and exited the same peacefully and nonviolently.

Further, it is notable that within the discovery produced by the government, after the events of this day, Mr. Alfonso was noted as openly not condoning the behavior of others in the text message where he indicates "I just hate how a small group of people decided to vandalize and cause violence. I'm not for that SMH makes Republicans look bad". It should be noted that the acronym SMH refers to "shaking my head" indicating disbelief in the conduct of others and not condoning the same.

It should also be noted by the Court that several factors should weigh in the favor of a probationary sentence for Mr. Alfonso including the fact that Mr. Alfonzo peacefully entered the building that the others had already broken in. He did not break windows and doors, he did not assault any police on or within the premises nor did he carry a weapon or threaten any one within the premises. In short, Mr. Alfonso is not seen engaging in or inciting in any violence on or within the Capitol Building nor did he engage in any acts of destruction and his reaction to the acts of violence and destruction were undisputed as not endorsing the same shaking his head in disbelief as is apparent from the text message of Mr. Alfonso the day after the incident on January 7, 2021. Further, Mr. Alfonso has otherwise exhibited evidence of remorse and contrition and has accepted responsibility for his actions and is remorseful for his conduct on the day in the entering the Capitol Building.

**2. Mr. Alfonso's history and characteristics**

Mr. Alfonso is a 31-year-old male who is currently engaged and has a newborn child approximately a year and ½ old and at the time of this incident was gainfully employed at the Ocean Casino in Atlantic City, New Jersey. Mr. Alfonso freely admitted that he did have an issue with alcohol which subsequent to this incident did result in a driving while intoxicated charge that is pending in the Superior Court in Atlanta County, New Jersey. He has otherwise complied with all conditions of pretrial release, and quite frankly voluntarily submitted himself to an alcohol rehabilitation program which he successfully completed and has otherwise not violated any of the terms of his pretrial release including not

operating an automobile, reporting to the pretrial officer when requested and the maintaining home confinement within the State of New Jersey. With respect to the Defendant's criminal history as referenced at page 8 of his Presentence Report, the only offenses listed was a juvenile offense when Mr. Alfonzo was 15 years old which resulted in a diversionary disposition and essentially a dismissal of the juvenile charge under New Jersey Juvenile Court Rules. Further, juvenile offenses in New Jersey are not considered criminal offenses. In addition, under adult criminal convictions is only listed an offense involving operating a vehicle under the influence which resulted in a not guilty finding and a guilty finding with a $206 fine for reckless driving. This Court should note that traffic offenses, even driving while intoxicated, are not criminal in nature in the State of New Jersey and only rise to the level of a traffic offense. Essentially Mr. Alfonso has no prior adult criminal record.

Defendant Alfonso is a lifelong resident of New Jersey except from 2008-2012 when he lived in Allentown, Pennsylvania, with his mother. Mr. Alfonso attended Stockton University and completed his undergraduate degree. Mr. Alfonso also purchased a home with his fiancée in Galloway Township, New Jersey in October 2023. As noted above he was arrested for operating under the influence of July 2024. He attended a 2-week inpatient rehabilitation treatment at New Hope in Marlborough, New Jersey, in August 2024 following his arrest. He has continued with weekly outpatient treatment as part of his recovery. He has not drank alcohol since his arrest for the above offense. At the time of the offense in

January 6, 2021, Mr. Alfonso was employed with Ocean Casino in Atlantic City from 2018 to August 2024.

### 3. Seriousness of the offense respect for the law, just punishment

The offense for which Mr. Alfonso was convicted is undoubtedly serious, especially in the context for which it arose. However, Mr. Alfonso has clearly demonstrated his respect for the law and legal process by agreeing to plead guilty as soon as the Government made him a plea offer accepting the responsibility and foregoing a costly trial. A sentence of imprisonment will result in potentially the loss of his home, the ability to support his under 2-year-old child, the ability to gain future employment and much too great a punishment given the actual conduct involved on the part of Mr. Alfonso. Again, Mr. Alfonso did not engage in any violence toward any others on or within the Capitol Building, threatened to do so, nor did he engage in any damage to property, nor did he attempt to take and/or steal any property within the Capitol Building as well and only remained within the Capitol for a period of 13 minutes. As such, the sentence of imprisonment is much too great a punishment given the actual conduct engaged in by Mr. Alfonso.

### 4. Deterrence to criminal conduct and protection from further crimes

As set forth above, other than the pending driving while intoxicated offense in New Jersey Mr. Alfonso has never been convicted of any crime as defined within the State of New Jersey. There is nothing within his past which would indicate that he will recall given that society must be protected from with incarceration. In fact, his voluntarily willingness to attend alcohol treatment and

rehabilitation and his continuance to do so demonstrates the willingness on the part of Mr. Alfonso for rehabilitation.

Further, as the Court of Appeals noted about the events of January 6th in the case of *United States v. Munchel*, 991 F.3d 1272 (DC Circ. 2021): "because Munchel and Eisenhart did not vandalize any property or commit violence, the presence of the group was critical to their ability to obstruct the vote and to cause danger to the community. Without it, Munchel and Eisenhart – two individuals who did not engage in any violence and who were not involved in planning and coordinating the activities – seemingly would have posed little threat.

*Munchel*, 991 F.3d 1284. Here, the same can be said then for Defendant Alfonso's January 6 conduct which was nonviolent and could only have occurred on that day there is simply no indication he is a future danger to society. In fact, as produced in discovery the United States Attorney's Office and the FBI closed the investigation of Mr. Alfonso on 3/26/2021 indicating that "due to the information gathered during the interviews and database checks there is not a threat to national security. Pending any additional information Newark will consider this lead covered and closed. This was tagged TTL by WFO and then sent to Capitol. Database checks and interviews have been completed and the USA0 has declined prosecution." See attached as Exhibit B.

### 5. Need for treatment and training

Mr. Alfonso admitted smoking marijuana in the past and has also admitted to a problem with alcohol which he has voluntarily addressed by a two-week

8

rehabilitation program and a continuing outpatient rehabilitation program he is engaging into this day.

## 6. Kinds of sentences available and the sentencing ranges established

The offense of conviction, disorderly conduct in the Capitol Building and parading and demonstrating in the Capitol building carry a maximum sentence of 6 months imprisonment, pursuant to 40 U.S.C. §5109(b); a fine of not more than $5000, pursuant to 18 U.S.C. §3571(b)(6). He has agreed to pay $500 in restitution. Supervised release does not apply to a Class B misdemeanor offenses, however a period of probation up to 5 years does apply which it is submitted should run concurrently.

## 7. Need to avoid sentencing disparities

The Defendant Christopher Alfonso will refer to other cases where Defendants charged with similar offenses were sentenced to probation for conduct similar to that alleged against the Mr. Alfonso for which he has pled guilty. For example, in *United States v. Bussell*, 21–CR–238 (TFH), the Defendant similarly entered the Capitol after the building had been breached, walked around for about 20 minutes, did not engage in violence or cause damage, and were sentenced to 24 months of probation. In *United States v. Morgan Lloyd*, 21–CR–0164 (RCL), the Defendant similarly entered the Capitol on January 6th, walked around and took some pictures. He also posted to Facebook that "I'm here best day ever. We stormed the Capitol building me and Donna Bissey were in the first 50 people in). She further posted that "it was a day I'll remember forever. I'm proud that I was

9

part of it. No shame. BTW turned off the #fakenews." She also called the events "the most exciting day of my life". The government in that case recommended probation and Judge Lambert sentenced Morgan Lloyd to 36 months of probation. These cases are similar to the instant case if not more serious and egregious and should inform and should play a part in informing the Court sentence of probation for Mr. Alfonso. Other cases which show that Your Honor has sentenced others in somewhat similar cases to Mr. Alfonso's include Anthony Mariotto who pled guilty to count 5 for the demonstrating and picketing in a Capitol building and was sentenced to 3 years of probation $10 special assessment and of $500 restitution, Lori Vinson pled guilty to parading, demonstrating and picketing in the Capitol Building and was sentenced to 5-years probation and a $5000 following despite the fact that she publicly expressed pride in her actions at the Capitol during television interviews and on Facebook. Daniel Michael Morrissey who pled guilty on 2/23/22 to demonstrating, picketing in the Capitol building was sentenced to 3 years probation and payment of the $10 assessment and finally a New Jersey man Robert Lee Petrash admitted to stealing former Speaker Pelosi's microphones from her lectern in her office and pled guilty to theft of government property was sentenced to 10 days incarceration and one-year of supervision. Further, it is noteworthy that the Presentence report indicates that the counts 3 and 4 to which Mr. Alfonso pled guilty meet the definition of a "petty offense" and that multiple terms of probation shall run concurrently pursuant to 18 U.S.C. Sub-§3564(b). The Presentence report also indicates that the defendant is eligible for up to 5-years probation because the offense is a misdemeanor.

Citing 18 U.S.C. Sub-§3561 (c) (2). It also indicates that the US Sentencing Guidelines do not apply to any count of the convictions which are Class B or C misdemeanor or infractions.

**8. Need for restitution Mr. Alfonso has agreed to pay a total of the $500 restitution conclusion**

Mr. Alfonso recognizes that he should not have been in the Capitol January 6 and that as a result of the same that he has owned up for his participation in the same by the plea of guilty to the 2 class B misdemeanors. However, his behavior on that day is not deserving of a prison sentence considering that he did not engage in violence or destruction of property, and he remained in the Capitol building only taking photographs for a period of 13 minutes. His conduct should not result in incarceration and the personal ruining of this young man.

Mr. Alfonso respectfully requests that after considering §3553(a) factors, the Court impose a sentence of 24 months of probation. Considering the relevant case law and pursuant to 18 U.S.C. Sub-§3553(a) such a sentence sufficient but not greater than necessary.

**Castellani Law Firm, LLC**

Dated: January 8, 2025

BY: /s/ David R. Castellani
David R. Castellani, Esquire
Attorneys for Defendant, Christian Alfonso

Exhibit A



From: +16093502118 Chris HQ host
To: +16108836199 Larry (owner)

I just hate how a small group of people decided to vandalize and cause violence. I'm not for that smh makes republicans look bad

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +16108836199 Larry | | 1/7/2021 4:14:13 PM(UTC-5) | |

Status: Read

1/7/2021 4:13:16 PM(UTC-5)

Source Info:
00008030-0005110A1A78802E_files_full.zip/private/var/mobile/Library/SMS/sms.db : 0xBB9B59A (Table: message, handle, Size: 354865152 bytes)



From: +16108836199 Larry (owner)
To: +16093502118 Chris HQ host

The police instigated this shit. They knew we would storm

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +16093502118 Chris HQ host | 1/7/2021 4:14:43 PM(UTC-5) | | |

Status: Sent

1/7/2021 4:14:43 PM(UTC-5)

Source Info:
00008030-0005110A1A78802E_files_full.zip/private/var/mobile/Library/SMS/sms.db : 0xBB9B275 (Table: message, handle, Size: 354865152 bytes)



From: +16108836199 Larry (owner)
To: +16093502118 Chris HQ host

Pissed us off on purpose

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +16093502118 Chris HQ host | 1/7/2021 4:15:00 PM(UTC-5) | | |

Status: Sent

1/7/2021 4:15:00 PM(UTC-5)

Source Info:
00008030-0005110A1A78802E_files_full.zip/private/var/mobile/Library/SMS/sms.db : 0xBB9CF49 (Table: message, handle, Size: 354865152 bytes)

# Exhibit B

UNCLASSIFIED//FOUO

| Date/Time | Action | Assigned By / Assigned To |
|---|---|---|
| 01/07/2021 02:29:45 PM | Incident recalled | Assigned By: KRISTOPHER GROOMS ( CJIS /D1-NTOC ) <br> Assigned To: KRISTOPHER GROOMS ( CJIS /D1-NTOC ) |
| 01/07/2021 02:30:49 PM | Incident submitted from pre-assessment | Assigned By: KRISTOPHER GROOMS ( CJIS /D1-NTOC ) <br> Assigned To: ( CJIS /D1-NTOC ) |
| 01/07/2021 02:34:25 PM | Reserve Incident | Assigned By: JEFFREY MILLER ( CJIS /D1-NTOC ) <br> Assigned To: ( CJIS /D1-NTOC ) |
| 01/07/2021 02:36:10 PM | Incident transferred <br> Reports of Video Footage on Instagram, @Chris__Alfonso, in Nancy Pelosi's Office Making Threats to the Speaker (WF). | Assigned By: JEFFREY MILLER ( CJIS /D1-NTOC ) <br> Assigned To: ( WASHINGTON FIELD ) |
| 01/07/2021 05:19:59 PM | Incident assigned | Assigned By: TYLER FREEMAN ( WASHINGTON FIELD /WF-CR2 ) <br> Assigned To: ( WASHINGTON FIELD /WF-CT4 ) |
| 01/09/2021 04:03:03 AM | Incident transferred <br> Subject Appears to reside in your AOR. | Assigned By: MELANIE LORENZO ( WASHINGTON FIELD /WF-CT4 ) <br> Assigned To: ( NEWARK ) |
| 01/11/2021 08:42:24 AM | Incident assigned | Assigned By: JOHN CODY III ( NEWARK /NK-CT4 ) <br> Assigned To: ( NEWARK /NK-CT3 ) |
| 01/11/2021 08:48:47 AM | Incident opened | Assigned By: JOHN CODY III ( NEWARK /NK-CT3 ) <br> Assigned To: NICK PINDULIC ( NEWARK /NK-CT3 ) |
| 01/12/2021 09:23:51 AM | Incident submitted for closure | Assigned By: NICK PINDULIC ( NEWARK /NK-CT3 ) <br> Assigned To: ( NEWARK /NK-CT3 ) |
| 01/12/2021 10:49:40 AM | Incident closed <br> All interviews and database checks have been completed. Due to the information gathered during the interviews and database checks the threat was mitigated and the Threat To Life was addressed. | Assigned By: JOHN CODY III ( NEWARK /NK-CT3 ) <br> Assigned To: ( NEWARK /NK-CT3 ) |
| 03/26/2021 12:37:48 PM | Incident returned by ASAC <br> Returned per request of SSA Trask. | Assigned By: GREGORY TAKACS ( NEWARK /NK-ASAC4 ) <br> Assigned To: NICK PINDULIC ( NEWARK /NK-CT3 ) |
| 03/26/2021 02:05:38 PM | Incident closed <br> All interviews and database checks have been completed. Due to the information gathered during the interviews and database checks there is not a threat to National Security. Pending any additional information Newark will consider this lead covered and closed. This was tagged TTL by WFO and then sent to NK. Database checks and interviews have been completed and the USAO has declined prosecution. | Assigned By: JOHN CODY III ( NEWARK /NK-CT3 ) <br> Assigned To: NICK PINDULIC ( NEWARK /NK-CT3 ) |